UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| *In the Matter of the Arbitration Between:* ) | |
| ) | |
| MICHAEL HELMSTADTER, d/b/a ) | |
| ALPHEIUS, and d/b/a ) | |
| AUCTIONMEASURES.COM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| and ) | Miscellaneous Business |
| ) | Docket No. |
| SELLATHON, INC., ) | **04 MBD 10189** |
| ) | |
| Respondent. ) | |

## PETITION TO COMPEL ARBITRATION
## IN ACCORDANCE WITH 9 U.S.C. § 4

In accordance with 9 U.S.C. § 4, petitioner Michael Helmstadter, d/b/a Alpheius

and d/b/a AuctionMeasures.com asks the Court for an Order directing the respondent

Sellathon, Inc. to proceed to arbitration on any and all disputes arising out of or in any

way connected with the terms of an electronic agreement, as is required under the express

terms of an electronic agreement titled "Sellathon Terms of Service" agreement ("TOS

Agreement"). Petitioner also submits the Affidavit of Michael Helmstadter

("Helmstadter Aff.") in support of this petition, which was filed in support of petitioner's

motion to stay the proceedings in *Sellathon, Inc. v. Michael Helmstadter d/b/a Alpheius*

*and d/b/a AuctionMeasures.com*, Civil Action No. 5:04-128-KSF, in the United States

District Court for the Eastern District of Kentuckty, Lexington Division ("Kentucky

Litigation").

As grounds for the petition, petitioner states the following:

1.    The Court has jurisdiction over this matter pursuant to 9 U.S.C. § 4 and 28 U.S.C. § 1332. The parties are of diverse citizenship, and the matters in controversy exceed $75,000.

2.    Petitioner Michael Helmstadter is a Massachusetts citizen, with a residential address of 28 Taylor Hill Road, Montague, Massachusetts, and each of the d/b/a(s) referenced above are located in the Commonwealth of Massachusetts.

3.    The respondent Sellathon, Inc. is a Kentucky corporation, with a principal place of business located at 200 E. Reynolds Road, Lexington, Kentucky.

4.    Respondent commenced the Kentucky Litigation against petitioner with a complaint filed on March 18, 2004. A copy of the complaint is attached as Exhibit A. In the complaint, respondent acknowledges the parties' diversity of citizenship, and an amount in controversy in excess of $75,000. Ex. A, ¶5.

5.    As detailed in Michael Helmstadter's affidavit, in the fall of 2003, each of the parties was independently working on the creation of a internet based service to provide eBay.com sellers to track certain information of interest to them concerning their auctions. On or about November 7, 2003, respondent launched its service through the website www.sellathon.com. Petitioner launched its service as www.auctionmeasures.com in or about January of 2004.

6.    In December of 2003, Michael Helmstadter visited the Sellathon website, and was offered the opportunity to sign up for a 30 day free trial of the site's information tracking service. In an effort to see how the Sellathon website was visually presented,

2

Michael Helmstadter enrolled for the free trial and was required to assent to a Terms of Service agreement ("TOS Agreement").

    7.    The TOS Agreement contained a provision that states:

**ACKNOWLEDGEMENT OF INVENTION AND AGREEMENT NOT TO COMPETE:**

BY USING SELLATHON'S VIEWTRACKER SERVICE, YOU ACKNOWLEDGE SELLATHON'S PENDING PATENTS FOR THIS INVENTION, AND, UNLESS AGREED UPON BY BOTH PARTIES IN WRITING, AGREE NOT TO DEVELOP OR MARKET, PARTICIPATE IN THE DEVELOPMENT OR MARKETING OF, OR CONSULT WITH OR BE A PRINCIPLE (*sic*) IN ANY COMPANY OR ORGANIZATION THAT DEVELOPS OR MARKETS, ANY SIMILAR OR COMPETING PRODUCT WITH SUBSTANTIALLY SIMILAR SIMILAR (*sic*) FEATURES FOR A PERIOD OF FIVE YEARS FROM THE ACCEPTANCE OF THESE TERMS, OR FOR THE DURATION OF ANY ISSUED PATENT(S) COVERING THIS PRODUCT, WHICHEVER IS LONGER.

    8.    In the Kentucky Litigation, respondent seeks to enforce this patently onerous, anticompetitive, and unenforceable "Not To Compete" provision. Based entirely on this "Not To Compete" provision in the TSO Agreement, respondent asserts three claims in the Kentucky Litigation: breach of contract; interference with business relations; and fraud.

    9.    The TSO Agreement, however, also contains a binding arbitration provision, which states:

**CHOICE OF LAW AND FORUM:**

This Agreement will be governed by the laws of the Commonwealth of Kentucky. Any dispute arising from the terms of this agreement or breach of this agreement will be governed by the laws of the Commonwealth of Kentucky and you agree to personal jurisdiction by the state and federal courts sitting in Lexington, Kentucky. **The parties hereby expressly waive trial by jury in any action, proceeding or counterclaim brought**

**by either of the parties against the other on any matters whatsoever arising out of or in any way connected with these Terms and Conditions and *agree to submit to binding arbitration.***

(bold and italics added).  The provision does not state a location for the arbitration.

10.    As acknowledged by the plain language of the allegations asserted in the Kentucky Litigation, each of respondent's causes of action arise out of and are connected with the terms and conditions of the TSO Agreement; specifically, the "Not To Compete" provision.  Accordingly, respondent's claims are subject to binding arbitration.

11.    It is apparent that respondent has no intention of arbitrating the dispute between the parties, and, therefore, has failed, neglected or refused to arbitrate under the TSO Agreement, within the meaning of 9 U.S.C. § 4.

12.    Petitioner is aggrieved by respondent's conduct and is entitled to an Order directing that such an arbitration proceed, as provided for in the TSO Agreement.  In arbitration, petitioner will ask for a declaration that the "Not To Compete" provision is void and unenforceable, as well as for damages arising from respondent's malicious prosecution of the Kentucky Litigation and its violation of Kentucky's consumer protection statutes.

13.    Contemporaneously with the filing of the petition, a written five day notice is being served on respondent's counsel, W. Keith Ransdell, Esq.  A copy of the Notice is attached as Exhibit B.

14.    Also, contemporaneously with the filing of the petition, petitioner has filed in the Kentucky Litigation a motion to stay that action, in accordance with 9 U.S.C. § 3. A copy of the motion to stay is attached as Exhibit C.

Wherefore, petition asks the Court to issue an Order that compels the parties to submit to binding arbitration within this judicial district to address all claims and disputes arising out of, or related to, the TSO Agreement, including, but not limited to, all of the claims asserted in the Kentucky Litigation, together with whatever other and further relief the Court deems appropriate.

Michael Helmstadter, d/b/a
Alpheus and d/b/a AuctionMeasures.com,

By his attorneys,

Paul D. Wilson, BBO No.
James M. Wodarski, BBO No. 627036
Mintz Levin Cohn Ferris Glovsky and
    Popeo PC
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000

Dated: July 6, 2004.

LIT 1467937v1