UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| *In the Matter of the Arbitration Between:* )<br><br>MICHAEL HELMSTADTER,<br>d/b/a ALPHEIUS and d/b/a<br>AUCTIONMEASURES.COM<br><br>and<br><br>SELLATHON, INC. | )<br>)<br>)<br>)<br>)<br>)Miscellaneous Business<br>)Docket No.: 04MBD10189<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S OPPOSITION TO PETITION TO COMPEL ARBITRATION AND CROSS-MOTION TO DISMISS PETITION OR, ALTERNATIVELY, TO TRANSFER PETITION TO PENDING PROCEEDINGS BEFORE THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. (the "FAA"), and Rules 12 (b) (1), (b)(2), (b) (3), and (b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1404 (a), Respondent Sellathon, Inc. ("Sellathon") hereby opposes the Petition to Compel Arbitration brought by Petitioner Michael Helmstadter, d/b/a Alpheius and d/b/a Auctionmeasures.com ("Helmstadter"), and cross-moves to dismiss the Petition or, alternatively, to transfer the matter to pending proceedings before the United States District Court for the Eastern District of Kentucky for the following reasons:

I.      **Introduction**

(A)     **This Court Lacks Jurisdiction To Compel Arbitration.** The Petition to Compel Arbitration is an impermissible attempt to forum shop in contravention of the FAA, a valid forum selection clause between these parties indicating Kentucky as the choice of forum, and a matter now pending in the United States District Court for the Eastern District of

Kentucky. The FAA does not confer subject matter jurisdiction on federal courts. See Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1468 (11th Cir.1997) (9 U.S.C. § 4 provides for order compelling arbitration only when there is independent basis of jurisdiction). Indeed, a district court has no power under the FAA to order arbitration in its district in contravention of a forum selection clause. Dempsey v. George S. May Intern. Co., 933 F. Supp. 72, 76 (D. Mass. 1996). The majority of Courts, including this Court, have "concluded that where the arbitration agreement contains a forum selection clause, only the district court *in that forum* can issue a §4 order compelling arbitration. Otherwise, the clause of §4 mandating that the arbitration and the order to compel issue from the same district would be meaningless." Richard C. Young & Co. Ltd. v. Levanthal, et al., 298 F. Supp.2d 160, 173 (D. Mass. 2003) (citation omitted).

**(B)    The Petition is Not Ripe Due to Proceedings in the United States District Court for the Eastern District of Kentucky.** Helmstadter brought the instant Petition in this Court in blatant disregard to the proceedings on these same issues now pending in the United States District Court for the Eastern District of Kentucky. In addition to filing an Answer to Sellathon's Complaint in that Court, Helmstadter filed a Motion to Stay the Proceedings Pending Arbitration. The United States District Court for the Eastern District of Kentucky has not ruled upon that motion and, until that Court does so, it is inappropriate for another Court to compel arbitration in another district.

**(C)    This Action Should Be Transferred Back to the Eastern District of Kentucky Pursuant to 28 U.S.C. § 1404 (a).** When considering the relevant factors for transfer ("the convenience of parties and witnesses, ... the possibility of consolidation; and the order in which the district court obtained jurisdiction")[1] it is clear that this matter, which began in the Eastern

---

[1] Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000).

2

District of Kentucky and where a motion regarding the arbitrability of the claims is pending, must be transferred back to that district court.

## II.     Brief Facts

### (A)     Sellathon's Business

Sellathon is in the business of providing auction tracking information for individuals selling products on the Ebay.com internet-based website. In order to use Sellathon's services, Sellathon's customers are permitted access to Sellathon's proprietary software that generates information to customers selling goods at the Ebay.com auction website. However, before being permitted access to Sellathon's proprietary software, Sellathon requires each potential customer to review and enter into the Term of Service Agreement (the "Agreement") with Sellathon. The Agreement is attached hereto as Exhibit 1.

### (B)     Helmstadter Violated the Agreement By Using Sellathon's Proprietary Information to Wrongfully Compete Against Sellathon

By entering into the Agreement with Sellathon, Helmstadter agreed with Sellathon that he would not "develop or market, participate in the development or marketing of, or consult with or be a principle in any company organization that develops or markets, any similar or competing product with substantially similar features..." This noncompete covenant is essential to Sellathon's granting access to its software because once access is permitted, the software can be easily copied and manipulated for purposes of competition.

Helmstadter now admits that he entered into the Agreement with Sellathon, not to act as a potential customer of Sellathon, but rather to "explore" Sellathon's website for the purpose of competing with Sellathon. See Affidavit of Michael Helmstadter, ¶¶ 5, 6 and 7, attached hereto as Exhibit 2. Within a few weeks of accessing Sellathon's website, Helmstadter created a competing business, directly breaching the Agreement with Sellathon. Id. at ¶¶ 9, 10.

### (C)   The Agreement Calls For Jurisdiction and Venue In Kentucky Courts

The Agreement between Sellathon and Helmstadter provides that the present action, and jurisdiction over *any and all* disputes relating to the Agreement, shall be with the State and federal Courts sitting in Lexington, Kentucky:

> This Agreement will be governed by the laws of the Commonwealth of Kentucky. Any dispute arising from the terms of this Agreement or breach of this Agreement will be governed by the laws of the Commonwealth of Kentucky and you agree to personal jurisdiction by the State and federal courts sitting in Lexington, Kentucky. The parties...agree to submit to binding arbitration.

See Agreement, § 21.

### (D)   Pending Proceedings In The United States District Court for the Eastern District of Kentucky

Upon discovering Helmstadter's conduct in gaining access to Sellathon's proprietary software and then initiating a competing business, Sellathon initiated an action by filing a Complaint in the United States District Court for the Eastern District of Kentucky (the "Pending Kentucky Litigation"). In the Pending Kentucky Litigation, Sellathon asserts claims for breach of contract, interference with business relations and fraud against Helmstadter. A true copy of the Complaint in the Pending Kentucky Litigation is attached hereto as Exhibit 3.

On July 6, 2004, Helmstadter filed an Answer to the Complaint in the Pending Kentucky Litigation. A true copy of the Answer is attached hereto as Exhibit 4. On the same date, Helmstadter filed a Motion to Stay the Proceedings Pending Arbitration in the Pending Kentucky Litigation. A true copy of the Motion to Stay is attached hereto as Exhibit 5. On August 12, 2004, Sellathon filed a Response to the Motion to Stay requesting, among other things, that the United States District Court for the Eastern District of Kentucky retain jurisdiction of the Pending Kentucky Litigation rather than stay the case pending arbitration. A true copy of the

Response to Motion to Stay is attached hereto as Exhibit 6. The United States District Court for the Eastern District of Kentucky has not ruled upon the Motion to Stay and, therefore, there has not been a determination as to whether this matter is subject to arbitration.

### III. Legal Analysis

#### (A) Dismissal Is Appropriate Under Rule 12 (b) (6)

Where there is a forum selection clause, the First Circuit holds that a Fed. R. Civ. P. 12 (b) (6) motion to dismiss is appropriate because the plaintiff cannot state a claim upon which relief may be granted in an inappropriate forum. Silva v. Encyclopedia Britannica Inc., 239 F.3d 385, 387-388 (1st Cir. 2001) (citations omitted). A motion to dismiss based on a forum-selection clause may be raised at any time in the proceedings before disposition on the merits. Id., at 388. Contractual forum selection clauses "are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972).

#### (B) This Court Lacks Jurisdiction to Enter An Order Compelling Arbitration

The Federal Arbitration Act at 9 U.S.C. § 4 states:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration *may petition any United States district court which, save for such agreement, would have jurisdiction* under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

Id. (emphasis added). Under Section 4, the petition *must* be brought in a district court *with jurisdiction* to hear the matter.

The FAA does not confer subject matter jurisdiction on federal courts. See Baltin, 128 F.3d at 1468 (9 U.S.C. § 4 provides for order compelling arbitration only when there is independent basis of jurisdiction); St. Paul Fire and Marine Ins. Co. v. Courtney Enterprises,

5

Inc., 270 F.3d 621, 624 (8th Cir. 2001) (independent personal jurisdiction may be conferred by arbitration agreement containing valid forum selection clause); Hartford Acc. & Indem. Co. v. Equitas Reinsurance Ltd., 200 F. Supp. 2d 102 (D. Conn. 2002) (district court lacked jurisdiction to issue order to compel foreign reinsurers to arbitrate dispute with domestic insurers pursuant to arbitration clause in parties' reinsurance agreements).

Section 4 requires that when parties have agreed to arbitrate, the arbitration proceedings are to be held in the district where the petition to compel arbitration is filed. However, under the statute, the court must order the parties to arbitrate in accordance with the terms of the agreement, which includes any forum-selection clause. Courts must give effect to freely negotiated forum selection clauses and, thus, a district court has no power under the statute to order arbitration in its district in contravention of the parties' forum selection clause. Dempsey, 933 F. Supp. at 76 (where an employment agreement provided for arbitration in Illinois, the United States District Court for the District of Massachusetts was without power to order arbitration of the parties' dispute and transferred the venue to the Northern District of Illinois for enforcement); citing Snyder v. Smith, 736 F.2d 409, 419 (7th Cir. 1984).[2]

The parties to the Agreement in this case have contractually bound themselves to have the Agreement and any dispute arising from the terms of the Agreement or breach of the

---

[2] The contract here contains a mandatory forum selection clause. In Zapata, the Supreme Court held that a contract stating that "[a]ny dispute arising *must* be treated before the London Court of Justice" required the Court to exercise its jurisdiction *no further than necessary to enforce the forum selection clause.* Zapata, 407 U.S. at 2. Similarly, the First Circuit in Silva held that a forum selection clause there was mandatory because the word "must" expressed the parties' intention to make the courts of Illinois the exclusive forum for disputes arising under the contract. Silva, 239 F.3d at 389. In this case, the forum selection language is similar to those cases. Here, the selection language states:

*Any dispute* arising from the terms of this Agreement or breach of this Agreement will be governed by the laws of the Commonwealth of Kentucky and you agree to personal jurisdiction by the State and federal courts sitting in Lexington, Kentucky.

Where the Court finds that the clause is mandatory, a dismissal of the action will be upheld unless "enforcement would be unreasonable and unjust, or ... the clause [is] invalid for such reasons as fraud or overreaching." Silva, 239 F.3d at 389; citing Zapata, 407 U.S. at 15.

6

Agreement "governed by the laws of the Commonwealth of Kentucky" and placed jurisdiction of any such dispute squarely with the federal and state Courts in Kentucky. See Agreement, § 21. Despite his Agreement and the appropriate filing of the original dispute before the United States District Court for the Eastern District of Kentucky, Helmstadter now attempts to improperly manipulate the venue provision of Federal Arbitration Act, 9 U.S.C. § 4 to "forum shop" for venue in Boston, Massachusetts instead of Kentucky. The Court of Appeals for the First Circuit frowns upon such nefarious pleading practice aimed at circumventing forum selection clauses. Indeed, the First Circuit has held that it "cannot accept the invitation to reward attempts to evade enforcement of forum selection agreements through artful pleading. . ." Home Products International North America, Inc. v. Peoplesoft USA, Inc., 201 F.R.D. 42, 45-46 (D.Mass. 2001); quoting Lambert v. Kysar, 983 F.2d 1110, 1121 (1st Cir.1993) (internal quotation marks omitted).

As set forth above, Helmstadter's actions are also impermissible under § 4 of the Federal Arbitration Act because the only district court able to allow the Petition to Compel arbitration is the District Court in the forum agreed to by the parties. Management Recruiters Intern., Inc. v. Bloor, 129 F.3d 851, 854 (6th Cir. 1997) (recognizing its holding as the position taken by a "majority of courts" on this issue); Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lauer, 49 F. 3d 323, 328 (7th Cir. 1995); Richard C. Young & Co., 298 F. Supp. 2d at 173 (D. Mass. 2003). Otherwise, the clause of § 4 of the Federal Arbitration Act mandating that the arbitration and the order directing arbitration issue from the same federal district would be meaningless. Bloor, 129 F.3d at 854. The Seventh Circuit, in following the majority rule, has condemned the very conduct undertaken by Helmstadter:

> [A]ny party to an arbitration agreement could avoid the effect of the agreed-to forum merely by filing suit in a different district. This in turn could lead to the

7

parties racing to different court houses to obtain what each thinks is the most convenient forum for it, in disregard of its contractual obligations. This disregard is not what Congress intended when it enacted a statute to make arbitration agreements enforceable.

Lauer, 49 F.3d at 328.

Helmstadter's contractual obligations under the Agreement (1) to be "governed by the laws of the Commonwealth of Kentucky" and, (2) where there is a dispute, to submit to personal jurisdiction before this Court, are enforceable and prevent Helmstadter from forum shopping under the Federal Arbitration Act. Lafayette Coal Company v. Gilman Paper Company, 640 F.Supp. 1 (N.D. Ill 1986) (where the parties to a freely negotiated agreement select a forum other than the district in which a petition under the Federal Arbitration Act is filed, that agreement will be given effect); see also Dempsey, 933 F. Supp. at 76 (D. Mass. 1996); Bosworth v. Ehrenreich, 823 F.Supp. 1175 (D. N.J. 1993). As such, Helmstadter's Petition to Compel Arbitration is an inappropriate attempt to abuse the Federal Arbitration Act and Helmstadter's Petition before this Court must be dismissed or transferred to the Eastern District of Kentucky.

### (C) The Petition Is Not Ripe And Undermines The Pending Kentucky Litigation

Even if Helmstadter could provide an appropriate basis on which to have this Court exercise jurisdiction over this matter, which he cannot, it would still be improper for this Court to grant the relief requested in the Petition to Compel Arbitration. The very issue of the arbitrability of Sellathon's claims is now pending before the Eastern District of Kentucky in the form of Helmstadter's Motion to Stay Pending Arbitration and Sellathon's Response thereto. The Court has not issued a decision to stay that matter.

Under Section 4, the parties clearly have a right to be heard on the issue of arbitrability:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in

accordance with the terms of the agreement. The hearing and proceedings, under such agreement, shall be within the district in which the petition for an order directing such arbitration is filed. If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof.

FAA, Section 4. "In deciding whether to compel arbitration, a district court must determine whether the dispute is arbitrable, that is, within the scope of the agreement to arbitrate, unless the parties have clearly agreed to leave that issue to the arbitrator." St. Paul Fire and Marine, 270 F.3d at 625; citing AT & T Tech. v. Communications Workers, 475 U.S. 643, 649-50 (1986).

Rather than allow the Eastern District of Kentucky to decide this issue (and others that are pending before it)[3], Helmstadter attempted to circumvent the process and filed his Petition to Compel Arbitration in this Court which, he thought, would allow him to "forum shop" for a Massachusetts venue. Given the pending proceedings in the Eastern District of Kentucky, it is impossible to justify Helmstadter's position in bringing this action here.

### (D) Transfer Back To The Original Forum Is Mandated

Moreover, even if this Court had jurisdiction and venue was proper in Massachusetts, the matter still would be appropriate for transfer to the United States District Court for the Eastern District of Kentucky because the Pending Kentucky Litigation is well underway and it is a waste of judicial resources to conduct simultaneous actions in two judicial districts involving these parties. 28 U.S.C. 1404(a) provides: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[3] In addition to the arbitrability of the claim, Sellathon seeks adjudication on in his Response to the Motion to Stay on the venue of such an arbitration and whether the FAA or Kentucky Uniform Arbitration Act shall apply to such a proceeding. See Response to Motion to Stay, Exhibit 6 hereto.

The party seeking transfer to a forum that it claims is more convenient has the burden of proving that transfer is warranted. Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 719 (1st Cir. 1996). The factors the Court should consider include "the convenience of parties and witnesses, ... the availability of documents; the possibility of consolidation; and the order in which the district court obtained jurisdiction." Coady v. Ashcraft & Gerel, 223 F.3d 1, 11 (1st Cir. 2000). "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." Cianbro Corp. v. Curran-Lavoie, Inc., 814 F.2d 7, 11 (1st Cir.1987); see also Nowak, 94 F.3d at 719 ("plaintiff's choice of a forum will be disturbed only rarely.")

In the Pending Kentucky Litigation, Plaintiff Sellathon's choice of forum was the Eastern District of Kentucky where it appropriately brought suit and where Helmstadter has already answered. The decision to bring suit in that forum should not be disturbed where, as here, Helmstadter agreed to jurisdiction in that forum, can fully adjudicate the matter in that forum and the Massachusetts action was clearly brought in a blatant effort to avoid contractual obligations to litigate in that forum. Indeed, there is no valid reason, given the pending proceedings in the Eastern District of Kentucky, for this Court *not* to transfer this case back to the Eastern District of Kentucky for resolution.

IV.   **Conclusion**

For the foregoing reasons, Sellathon respectfully requests this Court to dismiss Helmstadter's Petition to Compel Arbitration or, alternatively, transfer the matter in its entirety to the pending proceedings before the United States District Court for the Eastern District of Kentucky.

WHEREFORE, Respondent Sellathon, Inc. hereby requests this Court to dismiss Helmstadter's Petition to Compel Arbitration or, alternatively, transfer the matter in its entirety to the pending proceedings before the United States District Court for the Eastern District of Kentucky.

Respectfully submitted,

**SELLATHON, INC.,**

By its attorney,

Timothy J. Perry (BBO # 631397)
tperry@perrylegal.com
PERRY, KRUMSIEK & WAYLAND LLP
114 State Street
Boston, MA 02109
(617) 742-9012
fax (617) 742-9013

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon all counsel of record by hand on the date listed below.

Dated: August 26, 2004

Timothy J. Perry